ARLINGTON L. TUPPER, Appellant, *v.* THE METROPOLITAN
STREET RAILWAY Co., Respondent.

APPEAL from a judgment of the general term of the City Court
of the city of New York, affirming a judgment, dismissing the
complaint rendered at a trial term of said court.

Baldwin & White (Roger S. Baldwin, Raymond S. White, of
counsel), for appellant.

Henry A. Robinson (Theodore H.. Lord, of counsel), for re-
spondent.

SCOTT, J.   This is an action for damages for the alleged negli-
gence of defendant.   The complaint was dismissed at the close of
the plaintiff's case.   He is therefore entitled to the benefit of all
the facts and inferences which may be drawn from the evidence
most favorable to his contention.   Eastland v. Clarke, 165 N. Y.
425.   The burden rested upon the plaintiff to show that the de-
fendant's servants were guilty of some negligence contributing to
the accident, and that he was free from such negligence.   If the
evidence showed conclusively either that the defendant was wholly
free from negligence, or that the plaintiff himself was guilty of
negligence the nonsuit was properly directed.   Otherwise not.
The plaintiff about 7 o'clock in the evening on October 22, 1898,
was slowly riding his bicycle through One Hundred and Four-
teenth street, from east to west.   As he approached Manhattan
avenue he saw one of the defendant's cars going south, and another.
going north, the latter stopping at the northerly side of One Hun-
dred and Fourteenth street.   As he came towards the track he
looked up and down to see if there was any car approaching, and
as he approached the corner he looked toward the north to see if
any car was coming down the avenue, and saw none.   He started
to cross the street, behind the north-bound car, and when he got
between the two tracks he saw a car coming rapidly down-town.
This car struck him and inflicted the injuries for which he sued.
The car was going at about ten miles an hour, and the bell was not
rung.   The failure to ring the bell constituted, under the circum-
stances, some evidence upon which the jury might have found
that the defendant was negligent.   Schulman v. Houston, etc., R.
R. Co., 15 Misc. Rep. 32; Schwarzbaum v. Third Ave. R. R. Co.,

54 App. Div. 164; Dunican v. Union R. Co., 39 id. 497. The defendant's car had no paramount right to the use of the street at the crossing, and, while there may be no statutory duty resting upon the defendant's servants to ring a bell when approaching such a crossing, a jury might well say that proper care in the management of the car required that such a precaution be taken where the car was running at a high raté of speed, and where the north-bound car, standing at the upper corner, served to cut off the view of persons seeking to cross the street from east to west. A jury might equally have found the plaintiff free from negligence. He had just seen one car go south, and was not called upon to expect another to follow it immediately. He took the precaution to look up and down the avenue for approaching cars and saw none, and owing to the failure to ring the bell did not hear the car which afterwards struck him. A finding by the jury, that he had exercised reasonable care, could not on this evidence be disturbed.

McADAM, P. J., and MacLEAN, J., concur.

Judgment reversed, and new trial granted, with costs to appellant to abide event.