fendant afterwards called experts to contradict the witness as to the value was not a waiver of his objection to the evidence. Martin v. N. Y., N. H. & H. R. Co., 103 N. Y. 626, 9 N. E. 505. The learned counsel for the respondent insists that this point is not available, inasmuch as the contract referred to was not read in evidence or proved, and was not the subject of any evidence. But the contract was pleaded, and the claim for damages was expressly and exclusively based upon its existence. The defendant had the right to limit the proof of damages to those pleaded. If the plaintiff chose to abandon his pleading, that cannot defeat the right of the defendant to hold him to it. So long as the defendant took his specific objection and stood upon it, he cannot be said to have elected with the plaintiff to depart from the issues or to have waived his objection because he did not strive against the drift of the trial that followed after the ruling of the learned court.

The judgment and order should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

---

(89 App. Div. 359.)

BINNS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILWAYS—PERSONAL INJURY—CROSSINGS—FAILURE TO LOOK.

A street car which plaintiff desired to board having started as he arrived at the corner, the conductor called to him to come on across the street; and while following in the rear of the car, and almost abreast of it, he was struck by a car running at a high rate of speed on an intersecting line. Plaintiff did not testify that he looked for the car on such intersecting line before stepping on the track, but stated that he could not see such car until it struck him, because his view was obstructed by the car he was following. Held, that it could not be said, as a matter of law, that he was guilty of contributory negligence, and that the question was for the jury.

Appeal from Municipal Court of New York.

Action by Julian Binns against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

H. F. Ives, for appellant.

Walter G. Rooney, for respondent.

HIRSCHBERG, J. The plaintiff was injured on the night of February 26, 1902, while crossing Nostrand avenue, in the borough of Brooklyn, on the south side of De Kalb avenue. He had just crossed from the northeast to the southwest corner of the two avenues for the purpose of taking a De Kalb avenue car going eastwardly. The car had, however, started eastwardly across Nostrand avenue, and the conductor called to him to "come on" to the east Nostrand ave-

¶ 1. See Street Railroads, vol. 44, Cent. Dig. §§ 207, 208.

nue crossing.  As he was crossing Nostrand avenue, about abreast of the rear of the De Kalb avenue car, and while on the first or southerly bound track of the Nostrand avenue line, operated by the defendant, a car of that line shot rapidly over the crossing, and, striking the plaintiff, inflicted personal injuries, for which he has recovered.

The defendant offered no evidence in defense, but insists on the appeal that the complaint should have been dismissed for the plaintiff's assumed failure to establish freedom from contributory negligence.  It is true that the plaintiff did not testify that he looked for a car from the north before stepping on the Nostrand avenue track, but he distinctly testified that he could not see the car until it struck him, because his vision was obstructed by the intervening De Kalb avenue car.  The situation was therefore within the line of authorities which absolve the pedestrian from the exercise of a caution which would necessarily be futile in results, and is distinguishable from the situation presented in the cases cited by the appellant, where a glance would have disclosed the peril.  There is no question but that the Nostrand avenue car was run over the crossing in this instance at a very high rate of speed, and without regard to the rule of diligence, which requires care to be taken at such a place to keep the car well under control, and upon which rule travelers are certainly entitled to rely to some extent.  In view of all the circumstances, it seems clear that the case was properly disposed of, and the judgment should be affirmed.