ment to indemnify the plaintiff and plaintiff's agreement contained in his letter must be read together, as parts of one contract. On the one hand, the defendants agreed in the broadest possible manner to hold plaintiff harmless. This necessarily carried with it the agreement that, if plaintiff lost anything by reason of having signed the subscription agreement, the defendants would make him whole. That is to say, that if he was compelled, as he was, to pay the subscription, and the stock and bonds proved to be, as they did, worth less than the amount· of the subscription, the defendants would make good the difference. All this is to be read in the defendants' agreement. It was unnecessary for plaintiff to restate the defendants' obligations in his letter to them, for that dealt only with the obligations which he assumed; that is, to deliver up the stock and bonds if defendants paid the subscription, or, in case the stock and bonds realized more than the amount paid by him, to pay over the surplus. By reading the two agreements together, and giving full effect to each, a complete contract is found to have been made, mutual in its obligations, reasonable, and equitable. To construe them as defendants seek to do would be to give to defendants all the profits, if any were realized, and to cast upon plaintiff the burden of bearing all the losses if any such arose. Such is not the construction to be adopted. It may be that upon the facts as stated in the complaint the damages to be recovered will be less than the amount claimed, but that does not concern us in this appeal. It is sufficient that plaintiff shows himself to be entitled to some damages.

The interlocutory judgment must be reversed, and the demurrer overruled, with costs in this court and the court below, with leave to the defendants to withdraw the demurrer and answer within 20 days upon payment of said costs. All concur, except PATTERSON, P. J., who dissents.

---

(124 App. Div. 597.)

GEISENDORFER v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

STREET RAILROADS—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE— INSTRUCTIONS.

    Plaintiff was injured by a collision between his wagon and a street car while he was crossing the track diagonally, going away from the street crossing, and intending to drive by the side of the track. He did not look for an approaching car until his horses were on the track. It did not appear that it was necessary that he should cross the track at that precise point. *Held,* that, in an action for the injury, it was error to instruct "that when one attempts to cross the track of a street car, and has approached a track at such a distance from the approaching car that he·has reasonable ground to suppose that he will be able to cross the track, it is the duty of the motorman to give him a reasonable opportunity to cross, * * * and the person crossing the track has the right, without being charged with contributory negligence, to assume that that duty will be performed."

    Ingraham, J., dissenting in part.

Appeal from Trial Term.

Action by Philip Geisendorfer against the Union Railway Company of New York City. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.

Aaron J. Colnon, for respondent.

LAUGHLIN, J. This action is brought to recover damages for personal injuries received by the plaintiff in a collision between a north-bound car of the defendant on Webster avenue and a sprinkling cart on which the plaintiff was riding at about 2 o'clock in the afternoon on the 27th day of August, 1905. It was a double sprinkling cart, and the plaintiff was driving. He was passing out of 183d street westerly into Webster avenue, intending to turn southerly on that avenue. It appears by his own testimony that he came down a descending grade, and did not look for or discover the car until the forward wheels of the wagon were near the easterly rail of the track on which it was approaching, and the horses were upon the track and their heads were over the westerly rail. One Hundred Eighty-Third street, westerly of Webster avenue, was a cul-de-sac, extending only about 100 feet from the avenue. The plaintiff was not intending to traverse 183d street westerly of the avenue, but, on the contrary, was swinging diagonally to the south, intending to go down Webster avenue a distance on the westerly side.

At the close of the main charge, the court, at the request of counsel for the plaintiff, instructed the jury:

"That when one attempts to cross the track of a street car, and has approached the track at such a distance from the approaching car that he has reasonable ground to suppose that he will be able to cross the track, it is the duty of the motorman to give him a reasonable opportunity to cross, and if, for that purpose, it is necessary for him to check the speed of his car, or even to stop the car entirely for a short space, it is his duty to do it, and the person crossing the track has the right, without being charged with contributory negligence, to assume that that duty will be performed."

To this instruction counsel for the defendant duly excepted. We are of opinion that the charge was erroneous and misleading, at least as applied to the facts of this case. As an abstract proposition limited to crossings where the rights of the pedestrian and the street railway company are equal, it may be sound, and it follows the language of judicial opinions in discussing somewhat similar questions. Brooks v. International Ry. Co., 112 App. Div. 555, 98 N. Y. Supp. 765; Lawson v. St. Ry. Co., 40 App. Div. 307, 57 N. Y. Supp. 997. However, in the case at bar, there was no evidence to render the instruction applicable, for it appeared that the plaintiff, instead of seeing the car a certain distance away before he drove upon the track and prudently calculating as to whether he had time to go across before the car came along, did not look for or see it until the horses were upon the track, when it was too late

to stop, even if prudence dictated that course, and there was not time to turn back. Moreover, it does not appear that it was necessary that the plaintiff should cross the track at this precise point. Had 183d street been open to the west, and had he been going straight through, quite a different question would have been presented. Hewlett v. Brooklyn Heights R. Co., 63 App. Div. 423, 71 N. Y. Supp. 531; Towner v. Brooklyn Heights R. R. Co., 44 App. Div. 628, 60 N. Y. Supp. 289; McKinley v. Met. St. R. Co., 91 App. Div. 157, 86 N. Y. Supp. 461. It was not shown that there was any vehicle on the easterly side of Webster avenue south of 183d street to obstruct the way, had the plaintiff discovered the car approaching, and seen fit to turn down the avenue on the easterly side for a rod or two until it passed. It is not at all clear that plaintiff was free from contributory negligence, or that he sustained the burden of proof resting upon him on that proposition, but this erroneous and misleading instruction, as applied to the facts of the case at bar, requires a reversal, and it is not necessary to decide whether the case should have gone to the jury.

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN, except that I do not think that it is proper to instruct a jury that an act of a person attempting to cross a railroad track is as a matter of law not contributory negligence. I think in all cases based upon negligence, to justify a recovery, the jury must find the defendant guilty of negligence and the plaintiff free from contributory negligence, and that in such a case it would be error for the court to charge the jury as a matter of law that a defendant is guilty of negligence, or a plaintiff free from contributory negligence.