Vacil D. Bocovsky, Respondent, *v.* The Buffalo & Lake Erie Traction Company, Appellant.

(County Court, Chautauqua County, April, 1912.)

Street railways — street railway companies, their franchises and right to use of streets — operation — injuries to persons on or near tracks and persons crossing tracks — collision with vehicles — negligence.

Delay occurring in taking on a street railway passenger, plaintiff, who was driving his automobile about eleven A. M., after looking ahead and observing no obstacles, turned to the left in accordance with the law of the road and coming upon defendant's railway track saw about one hundred feet away a car which gave no warning of its approach at a speed of more than twenty miles an hour, and in endeavoring to avoid a collision he was struck by the street car, thrown to the pavement and injured. On affirming a judgment in plaintiff's favor, held:

That plaintiff's use of the highway was subject only to such care and caution as an ordinarily prudent man would have exercised in the circumstances, having the right to assume that all using the highway would observe the same rule.

That he had a right to assume that the approaching street car was under the control of its operator.

That in attempting to pass the standing car he was not guilty of contributory negligence as matter of law because of his knowledge that on prior occasions the defendant had driven its cars past standing cars at a high rate of speed.

Appeal from a judgment of the Municipal Court of Dunkirk rendered in favor of plaintiff.

Kenefick, Cooke, Mitchell & Bass, for appellant.

Warner & Woodin, for respondent.

Ottaway, J. This is an appeal to the County Court of Chautauqua county from a judgment of the Municipal Court of Dunkirk, awarding the plaintiff $750 for injuries to himself and automobile upon a complaint alleging negligence

upon the part of the defendant. The plaintiff is a physician and surgeon practicing his profession in the city of Dunkirk, N. Y. The defendant is a street railroad company operating a local and interurban electric railway between Dunkirk and Fredonia and other points. The defendant has two lines of track upon Central avenue, a main thoroughfare connecting Dunkirk and Fredonia. These tracks are located in the center of the street. The accident occurred within the village of Fredonia. Fredonia is an incorporated village containing a few thousand people.

On the morning of the accident the plaintiff was driving his automobile shortly after eleven o'clock up Central avenue from Fredonia toward Dunkirk. He was driving his car between the tracks and the easterly curb of the paved street at a rate of speed between six and eight miles an hour. As he was proceeding in this manner the car of the defendants stopped to receive a woman who came from the easterly curb and was standing between the tracks of the defendant and the easterly curb apparently intending to take the car. A delay occurred and the plaintiff after looking ahead and observing no obstacles turned to the left to pass defendant's car. As he came upon the westerly track of defendant's railway he saw a south bound car one hundred feet away approaching him rapidly. The car gave no warning of its approach and was travelling at a speed of upwards of twenty miles an hour. The plaintiff immediately swung his car to the right and endeavored to avoid a collision with the oncoming car. He was struck by the car and thrown upon the pavement and injured and brings this action for the recovery of damages sustained.

Upon the argument the principal contention made by the defendant seeking a reversal of the judgment rendered by the Municipal Court was that the plaintiff was guilty of contributory negligence in attempting to pass the car of the defendant to the left while his view was obstructed by the car in front of him. The question of contributory negligence was for the trial court and the facts and circumstances of this case amply sustained its conclusion. In turning to the

County Court, Chautauqua County, April, 1912.    [Vol. 76.

left to pass the car the plaintiff was observing the law of the road and the evidence discloses that before turning to the left he looked and listened and neither saw nor heard the south bound car.   It was the duty of the defendant in the operation of its cars in approaching cars standing upon the street receiving and delivering passengers to have the approaching car under control in order that no injury be done the public. The plaintiff had. a right to presume· that the defendant would observe this rule of care and caution, and, it appearing that the north bound car had stopped at a designated place for the reception of passengers, the plaintiff had a right to assume that a car approaching from the north on the west bound track would be under the control of its operator. Brooks v. International R. R. Co., 112 App. Div. 555; affd., 187 N. Y. 574; Mapes· v. Union R. R. Co., 56 App. Div. 513.; Stevens v. Union R. R. Co., 75 id. 602; Schron v. Staten I. El. R. Co., 16 id. 111; Tupper v. Metropolitan St. R. Co., 36 Misc. Rep. 819; Binns v. Brooklyn Heights R. R. Co., 89 App. Div. 359.

The defendant further insisted in support of its contention that the plaintiff was guilty of contributory negligence, that the plaintiff had knowledge that on prior occasions the defendant had driven its cars past standing cars at a high rate of speed, and that being possessed of this knowledge he was guilty of contributory negligence in attempting to pass the standing car under the circumstances revealed by the testimony of this case.   In support of its contention it cites the case of Magar v. Hammond, 171 N. Y. 377 as authority.

In determining the applicability of this authority it is necessary to bear in mind the frequent admonitions of the Court of Appeals that the opinion in any case must be limited to the facts involved and should not be extended to cases where the facts are essentially different.   Crane v. Bennett, 177 N. Y. 106.   The rule cited by the defendant cannot be said to apply to the facts of this case.   The plaintiff was travelling upon a public highway subject only to such rules of care and caution as an ordinarily prudent man under like circumstances would exercise, having the right to

assume that all persons using this highway would observe the same rule. The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and duties of both, even though such other has once conducted himself in a contrary manner. Newson v. N. Y. C. R. R. Co., 29 N. Y. 383.

The judgment of the trial court is affirmed with costs of this appeal.

Judgment affirmed, with costs.